DLD-139                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4732
_____

IFEDOO ENIGWE,
                                    Appellant,

v.

U.S. AIRWAYS/U.S. AIRWAYS EXPRESS; PIEDMONT AIRLINES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 10-cv-01003)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges

(Opinion filed July 20, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant Ifedoo Enigwe filed a complaint pro se in the United States District

Court for the District of Arizona against U.S. Airways Express and Piedmont Airlines,

alleging discrimination on the basis of race in violation of Title VII of the Civil Rights

Act of 1964.  The complaint, D.C. Civ. No. 09-cv-01280, was dismissed without

prejudice pursuant to a motion filed by Piedmont for, among other reasons, failure to exhaust administrative remedies. Enigwe filed an amended complaint, dropping the Title VII claim and alleging instead breach of contract and a violation of his constitutional civil rights. In the amended complaint, Enigwe asserted that, on May 26, 2009, he applied for a position as a ramp agent with Piedmont Airlines, Inc., d/b/a as U.S. Airways Express, in Philadelphia, Pennsylvania. He completed a written job application and was offered the job. The application asked whether he had been convicted of a felony in the past 10 years. Although he had a conviction for importation of a controlled substance, it occurred in August, 1992, and so he answered "No."

Enigwe was interviewed for the ramp agent position by Rick Miler, and, following the interview, Miler handed him a piece of paper, which stated:

> Congratulations and welcome aboard! We are certainly delighted that you have accepted our offer of employment and look forward to you joining the Piedmont Airlines team. Your offer is contingent upon a favorable background investigation, drug test, and driving record.

Amended Complaint, at ¶ 9. During its background check, Piedmont discovered the 1992 controlled substances conviction. When asked about it, Enigwe verified the age of the conviction by providing Piedmont with a copy of the criminal judgment, but, thereafter, Enigwe was told not to report for orientation, and this civil action followed. Enigwe sought $1,000,000.00 in compensatory and punitive damages.

After Enigwe filed his amended complaint, the case was transferred by order of court to the United States District Court for the Eastern District of Pennsylvania, where the events occurred. Piedmont moved to dismiss the amended complaint. In an order

2

entered on November 19, 2010, the District Court granted the motion and dismissed the amended complaint. Enigwe filed his notice of appeal on December 22, 2010.

Our Clerk advised the parties that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Enigwe was invited to submit argument in writing, and he has done so. In his written response, he contends that he should have been permitted to present an expert witness to show that his prior conviction does not render him unable to perform the job of ramp agent, see El v. Southeastern Pa. Transp. Auth., 479 F.3d 232 (3d Cir. 2007); 18 Pa. Cons. Stat. Ann. § 9125(b) ("Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied.").

We have jurisdiction under 28 U.S.C. § 1291.[1] Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. We exercise plenary review over the District Court's order dismissing a complaint under Rule 12(b)(6). See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "[W]hen ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94

---

[1] Although Enigwe's notice of appeal was filed more than 30 days after entry of the District Court's order, see Fed. R. App. Pro. 4(a)(1)(A), the appeal is timely because the court's order explains in full its reasons for dismissing the amended complaint, and is thus not a separate judgment under Fed. R. Civ. Pro. 58(a). The judgment is deemed entered when "150 days have run from entry of the order in the civil docket." Fed. R. App. Pro. 4(a)(7)(A)(ii). Enigwe's appeal has been filed within the 150-day period. See id. at 4(a)(7)(B) ("A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order.")

(2007) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 570).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. We note as a threshold matter that the District Court may consider certain narrowly defined types of material without converting the motion to dismiss to a summary judgment motion, including items that are integral to or explicitly relied upon in the complaint. <u>In re Rockefeller Center Properties, Inc. Securities Litig.</u>, 184 F.3d 280, 287 (3d Cir. 1999). A court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). In support of its motion to dismiss the original complaint, Piedmont attached the item referenced in Enigwe's complaint -- a signed copy of his Piedmont Airlines Employment Application. In addition, Piedmont explained that, as a subcontractor to a United States postal contract, its Philadelphia ramp agent employees are required to have Postal Service security clearances to handle United States mail. Accordingly, Piedmont also attached a copy of the Security Personnel Screening sections of the relevant Postal Contract to its motion to dismiss. The District Court properly considered these two items without converting the motion to dismiss to a summary judgment motion. <u>In re Rockefeller Center Properties, Inc. Securities Litig.</u>, 184 F.3d at 287; <u>Pension Benefit Guar. Corp.</u>, 998 F.2d at 1196.

4

In its motion to dismiss the amended complaint, Piedmont stated that, pursuant to its hiring policies, it terminated Enigwe's conditional offer of employment on June 3, 2009 because the postal contract's security requirements prohibit Piedmont from employing ramp agents who have felony or misdemeanor drug convictions, or are on probation for any felony charges. In addition to the felony drug conviction, which was not in dispute, Piedmont's background check revealed that Enigwe was incarcerated from 1992 until 2007 for the felony drug conviction, and that he is on probation for the drug charges until April 26, 2014 (a fact Enigwe also apparently does not dispute).[2]

The District Court reasoned that no contract was breached and we agree. The employment offer was contingent upon a background check. Enigwe was hired conditionally as an at-will employee and he did not pass the background check. The piece of paper Enigwe was handed after his interview plainly stated: "Your offer is contingent upon a favorable background investigation." Also, the employment application signed by Enigwe included a "Declarations" section, which read in relevant part: "I understand that Piedmont Airlines will make a thorough investigation of my entire work and personal history, to include … criminal history…. I understand that omission or falsification of data given or other derogatory information discovered as a result of this investigation will prevent my being hired, or if hired, will subject me to immediate dismissal." The Security Personnel Screening sections of the relevant Postal Contract indicate that subcontractors and their employees must obtain a security clearance from the Postal Service, and Piedmont must certify, without regard to the age

---

[2] Enigwe appears to be serving a term of supervised release, but supervised release is the equivalent of probation.

5

of the conviction, that its employees have not been convicted of serious drug charges and are not on parole or probation for any felony. Piedmont's background investigation into Enigwe's criminal history revealed the existence of the serious controlled substances violation and the fact that Enigwe is still serving a term of probation.[3] Enigwe was hired contingent upon his ability to obtain a background security clearance, and, without a favorable background check, he did not have an offer of employment. The denial of a security clearance rendered him unqualified for the job.

Enigwe does not seriously contest the breach of contract issue. Instead, he contends that his rights to substantive due process and equal protection under the law were violated when Piedmont conspired with the United States Postal Service to implement a policy that prevents people with felony drug convictions from working as ramp agents. In evaluating this Fifth Amendment claim, the District Court correctly held that convicted felons are not a suspect class. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 440 (1985) (listing classes receiving heightened scrutiny as race, alienage, and national origin). In addition, Enigwe does not allege that the security clearance restriction on those who handle the U.S. mail implicates a fundamental constitutional right for which the Supreme Court has granted heightened scrutiny. Accordingly, where there is no fundamental right or suspect class at issue, governmental action survives a Fifth Amendment due process or equal protection challenge so long as the challenged classification is rationally related to a legitimate government purpose.

---

[3] Enigwe also falsely stated on his application that he was "self-employed" from 1992 until 2007, when he actually was incarcerated.

6

See Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 457-58 (1988); Plyler v. Doe, 457 U.S. 202, 216-17 (1982).

Assuming that Piedmont's obligations stemming from its postal contract could be considered governmental action, Piedmont need only demonstrate that the policy of not hiring people with prior felony drug convictions is rationally related to a legitimate governmental purpose. We agree with the District Court that the policy of not hiring those with prior felony drug convictions is rationally related to the legitimate interest of preventing the use of the United States mail to distribute illegal drugs or the proceeds from illegal drug transactions. Because the policy is rationally related to a legitimate purpose, the amended complaint was properly dismissed. In El, 479 F.3d 232, a Title VII case, the District Court granted summary judgment in favor of the employer, concluding that it had established that its policy of not hiring anyone with a prior conviction for a violent crime was consistent with business necessity. See id. at 235. We affirmed because the employee did not present evidence to rebut the employer's expert testimony. See id. Enigwe's amended complaint, however, did not allege a violation of Title VII that necessitated expert testimony. His case alleged substantive due process and equal protection claims that subjected Piedmont's policy only to a rationality test, an issue that does not require expert testimony. Enigwe's case thus was properly dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6).

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Enigwe's amended complaint.